JOSEPH BIANCOLI, petitioner-appellant-respondent,

*v.*

JENNIE BIANCOLI, defendant-respondent-appellant,

[Submitted October term, 1939.   Decided January 25th, 1940.]

*Mr. Samuel Denson* and *Mr. George F. Losche,* for the defendant-appellant.

*Mr. Frank Pascarella,* for the petitioner-respondent.

The opinion of the court was delivered by

BODINE, J.

These are cross-appeals in a divorce matter.   The husband sought a divorce on the ground of desertion.   He appeals from the denial of such relief.   The marriage occurred in 1907.   Three children were born of the marriage.   Thereafter the husband left home.   The wife has supported the family as best she could, and the husband's attitude towards his responsibilities is clearly expressed in a letter to his wife in 1914, when he said in part:

"I tell you it was an unlucky day when we met, not that I got anything against you, but we put our selfs in misery, if we did not get married we would be a whole lot happier today, with nothing to worry about, now don't misunderstand me, I've nothing against you, any body ought to be proud to have a wife like you, but you see I always knocked around and I don't think I'll ever settle down, so that's where the whole trouble lies."

However, for the past ten years he has been chief of police of Emerson, New Jersey, but has made no effort to effect a reconciliation with his wife or to resume marital relations. The letter of 1914 seems expressive of his continued attitude towards his wife and family over the period of a quarter of a century. He has never desired, during that period, to do anything for their support and advancement, or to live with them, or to have anything to do with them. Clearly, he is not entitled to a divorce. *The decree dismissing* his petition will be affirmed, with costs.

*As to the wife's appeal* from the dismissal of her petition for a divorce on the ground of desertion, we think she was entitled to such relief. The husband left her more than twenty-five years ago without cause. While his children were growing and needed his support and care he did nothing. His actions, then and now, demonstrate beyond any doubt a willful, obstinate and continuous desertion. He never sought his wife in true affection to secure a resumption of the marital relation. He did not want her, as clearly appears from the entire record, nor did he want the worries incident to the support of his family. Perhaps, after all the lonely years filled with bitter hard work, the wife does not care about the resumption of marital relations with this man. It was his duty to seek her out years ago and afford to her the support to which she was entitled. Maybe, as the advisory master points out, she would not have taken the initiative in a divorce proceeding. However, since there is nothing in the record to show that she has not been willfully, continuously and obstinately deserted, a mere conclusion that she does not now desire to resume marital relations cannot defeat her right to a divorce. Legal rights cannot be defeated by mere words. The wife can lose no right, because after a quarter of a century of absence, willful, continuous and obsti-

nate. she does not desire to receive into the home she has been obliged to establish, one who through his own fault and without fault on her part, has become a stranger to her and to their children.

The decree dismissing the wife's counter-claim for divorce on the ground of desertion is reversed, with costs.

No. 202 (with 203):

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.

No. 203 (with 202):

*For affirmance*—THE CHIEF-JUSTICE, HEHER, HETFIELD, WOLFSKEIL, JJ. 4.

*For reversal*—TRENCHARD, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, JJ. 10.